AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District MASSACHUSETTS | | |
|---|---|---|---|
| Name JOSE RODRIGUEZ | Prisoner No. W63370 | | Case No. |
| Place of Confinement M.C.I. NORFOLK, POST OFFICE BOX 43, NORFOLK, MA 02056 | | | |
| Name of Petitioner (include name under which convicted) JOSE RODRIGUEZ | v. | Name of Respondent (authorized person having custody of petitioner) LUIS SPENCER | |
| The Attorney General of the State of: MASSACHUSETTS | | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  SUFFOLK COUNTY SUPERIOR COURT, BOSTON, MASSACHUSETTS

2. Date of judgment of conviction  OCTOBER 1, 1997

3. Length of sentence  LIFE

4. Nature of offense involved (all counts)  SECOND DEGREE MURDER

5. What was your plea? (Check one)
   (a) Not guilty    ☒
   (b) Guilty        ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(1)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  MASSACHUSETTS APPEALS COURT

   (b) Result  CONVICTION AFFIRMED

   (c) Date of result and citation, if known  OCTOBER 2, 1999; COMMONWEALTH V. RODRIGUEZ, 98-P-1091 (included within "Record Appendix" as R. 9-12).

   (d) Grounds raised  Due process violations for erroneous introduction of prejudicial prior bad act evidence, prosecutor's summation, and erroneous jury instructions on the charge of manslaughter and reasonable doubt.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

       (1) Name of court  SUPREME JUDICIAL COURT

       (2) Result  FAR DENIED

       (3) Date of result and citation, if known  JANUARY 7, 2000; DOCKET NO. FAR-11005 (included within "Record Appendix" at R. 27).

       (4) Grounds raised  SAME AS ON DIRECT APPEAL.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

       (1) Name of court  ___

       (2) Result  ___

       (3) Date of result and citation, if known  ___

       (4) Grounds raised  ___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  SUFFOLK COUNTY SUPERIOR COURT

        (2) Nature of proceeding  MOTION FOR NEW TRIAL

        (3) Grounds raised  Ineffective assistance of trial and appellate counsel for failing to raise unconstitutional "flight" instruction which (1) violated Fifth Amendment, (2) violated due process by compelling defendant to disprove malice, (3) violated

(2)

AO 241 (Rev. 5/85)

due process because it caused the jury to consider baseless inference which facilitated a finding of malice.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result __MOTION DENIED__

(6) Date of result __MARCH 29, 2002__

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒  No ☐
(2) Second petition, etc.   Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(3)

AO 241 (Rev. 5/85)

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

          (PLEASE SEE ATTACHED ADDITIONAL PAGE(S))

A. Ground one: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

B. Ground two:  (PLEASE SEE ATTACHED ADDITIONAL PAGE(S)) _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

(4)

AO 241 (Rev. 5/85)

C. Ground three: (PLEASE SEE ATTACHED ADDITIONAL PAGE(S))

Supporting FACTS (state *briefly* without citing cases or law): 

D. Ground four (PLEASE SEE ATTACHED ADDITIONAL PAGE(S))

Supporting FACTS (state *briefly* without citing cases or law): 

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: 

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  ROBERT D. LEWIN, ESQUIRE
        1 SALEM STREET
        MALDEN, MA 02148

    (b) At arraignment and plea  (SAME AS IN ¶ (a))

(5)

AO 241 (Rev. 5/85)

(c) At trial    ROBERT D. LEWIN, ESQUIRE
              1 SALEM STREET
              MALDEN, MA  02148

(d) At sentencing    (SAME AS IN ¶ (c))

(e) On appeal    DONALD A. HARWOOD, ESQUIRE
              305 BROADWAY
              NEW YORK, NEW YORK  10007

(f) In any post-conviction proceeding    GREG T. SCHUBERT, ESQUIRE
              1365 MAIN STREET
              SPRINGFIELD, MA  01103

(g) On appeal from any adverse ruling in a post-conviction proceeding    JOSEPH A. HANOFEE, ESQUIRE
              POST OFFICE BOX 241
              NORTHHAMPTON, MA  01060

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_08-26-04_____
    (date)

_Joel Rodriguez_____
Signature of Petitioner

(6)

GROUNDS [CLAIMS] RAISED FOR RELIEF

GROUND [CLAIM] I: Conviction obtained through denial of Federal constitution right to a fair trial and due process of law consequent of State trial court's erroneous admission of prejudicial bad act evidence.

SUPPORTING FACTS: Evidence of a statement, attributed to Petitioner as having been made at least one hour prior to the hereto pertinent confrontation, and which was clearly not directed at the alleged victim or any other specific individual, was allowed to be introduced by the prosecution without any demonstration of relevance or lack of serious prejudice. [See "Memorandum in Support of Petition for Writ of Habeas Corpus," at pp. 25-27 (hereafter "Memorandum, at pp. ___")].

GROUND [CLAIM] II: Conviction obtained through denial of Federal constitutional right to due process of law consequent of the prosecutor's arguing in summation to the jury matters not based upon the evidence.

SUPPORTING FACTS: The prosecutor unfairly commented upon the truthfulness of the testimony of Damaris Mercedes, the only witness to corroborate Petitioner's testimony that he had been assaulted by two men, in his summation to the jury after the trial court had already concluded that the content of such matter was impermissible since there could not be an inconsistency between any alleged present failure of memory and a past existence of same. [See Memorandum at pp. 27-33].

GROUND [CLAIM] III: Conviction obtained in violation of the Federal constitutional right to due process of law consequent of the State trial court's defective jury instructions concerning manslaughter and reasonable doubt.

SUPPORTING FACTS: The State trial court rendered erroneous instructions to the jury on voluntary manslaughter when stating that voluntary manslaughter was an unlawful intentional killing resulting from "a sudden transport of the passions fear, anger, fright, nervous excitement, heat of blood produced by adequate or reasonable provocation and without malice or upon sudden combat that would have been likely to produce in an ordinary person an abnormal state of mind and actually did produce such a state of mind in [Petitioner]." And, further erroneously instructed the jury on reasonable doubt when it stated that reasonable doubt was not "mere possible doubt" because "everything - - is open to some possible or imaginary doubt," and that proof was not required to a "mathematic" or "absolute" certainty. [See Memorandum at pp. 33-37].

GROUND [CLAIM] IV: Conviction obtained in violation of the Federal constitutional right to be free from compelled self-incrimination consequent of the State trial court's unconstitutional "flight" instruction.

SUPPORTING FACTS: Petitioner was compelled to produce evidence against himself because his duty to retreat from combat was compelled by the law of self-defense, and yet such compelled retreat became evidence of guilt

through the trial court's instruction that Petitioner's perceived flight from the scene of combat could be considered as evidence of his guilt to the crime of murder. [See Memorandum at pp. 13-14 & 37-39].

GROUND [CLAIM] V: Conviction was obtained in violation of the Federal constitutional right to due process of law consequent of the State trial court's unconstitutional "flight" instruction causing unfair erosion of the prosecution's burden of proof, and the shifting of such burden of proof to Petitioner by compelling him to disprove malice.

SUPPORTING FACTS: The consciousness of guilt instruction effectively shifted the burden of proof to Petitioner to prove the absence of malice by requiring him to offer an innocent explanation for his flight, and thus resulted in a lowering of the prosecution's burden in having to prove malice. [See Memorandum at pp. 39-41].

GROUND [CLAIM] VI: Conviction obtained in violation of the Federal constitutional right to due process of law consequent of the State trial court's unconstitutional "flight" instruction which facilitated a finding of malice founded upon baseless inference.

SUPPORTING FACTS: The jury was permitted to mis-apply the innocent fact of "retreat" from combat in self-defense as evidence of guilty "flight," which results in the antithesis of a reasonable and rational inference to be drawn from the state of the evidence. [See Memorandum at pp. 41-43].

GROUND [CLAIM] VII: Conviction obtained in violation of the Federal constitutional right to the effective assistance of counsel consequent of both trial and appellate counsels' respective failures to object to, raise and argue the prejudicial impact of the State trial court's unconstitutional "flight" instruction.

SUPPORTING FACTS: Petitioner received ineffective assistance of counsel because trial counsel failed to object to the unconstitutional "flight" instruction and its prejudicial impact. He further received ineffective assistance on his direct appeal because appellate counsel failed to raise the issue of trial counsel's ineffectiveness concerning the failure to object to the prejudicial impact of the unconstitutional "flight" instruction, as is set forth in Claims IV through VI, supra. [See Memorandum at pp. 44-46, and 37-43, respectively].