UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x

JOSE RODRIGUEZ

        Petitioner,

vs.

MCI NORFOLK,

        Respondent.

------------------------------------------------x

Civil Action No. 04-11894-RGS

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, MCI-Norfolk, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. Admitted.

2. Denied. Further answering, the respondent states that the date of the judgment of conviction under attack is October 2, 1997.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a-b). Admitted.

9(c). Denied. Further answering, the respondent states that the date and citation of the

      Appeals Court's decision is *Commonwealth v. Rodriguez*, 48 Mass. App. Ct. 1104 (table)(October 21, 1999). A copy of this decision is included in the respondent's Supplemental Answer as Exhibit 5.

    9(d). Denied. Further answering, the respondent states that in the petitioner's main brief filed in the Massachusetts Appeals Court, the petitioner raised the following issues: (1) that the trial court abused its discretion in refusing to exclude a statement of the petitioner's, allegedly in violation of the petitioner's due process rights; (2) that the trial court's jury charge of manslaughter was erroneous, allegedly in violation of the petitioner's due process rights; (3) that "the trial court's reasonable doubt instruction was erroneous and violative of due process;" and (4) that "the court should direct the entry of a lesser degree of guilt of manslaughter in the interests of justice." In his "Supplemental Brief," the petitioner raised the issue that the prosecutor erred in a statement made in his closing argument.

    9(e)(1-2). Admitted.

    9(e)(3). The respondent admits that the decision of the Massachusetts Supreme Judicial Court denying the petitioner's application for leave to seek further appellate review was dated January 7, 2000. Further answering, the respondent states that the citation for the Supreme Judicial Court's decision is *Commonwealth v. Rodriguez,* 430 Mass. 1114 (2000)(table). A copy of this decision is included in the respondent's Supplemental Answer as Exhibit 7.

    9(e)(4). Denied. Further answering, the respondent states that the issues raised in the petitioner's ALOFAR were: (1) "whether the trial court abused its discretion by admitting a highly prejudicial statement that the [petitioner] allegedly 'was going to kill one of those guys' in violation of due process;" (2) "whether the prosecutor's summation was not based upon the

evidence and violated due process;" and (3) "whether the trial court's jury instructions concerning manslaughter and reasonable doubt were erroneous and violated due process."

 9(f). Left blank by the petitioner.

 10. Admitted.

 11(a)(1-2). Admitted.

 11(a)(3). Denied. Further answering, the respondent states that the grounds raised by the petitioner in his motion for new trial were (1) ineffective assistance of counsel (on various grounds) and (2) that it was prejudicial error for the trial court to give a "consciousness of guilt" instruction. Moreover, the grounds for the petitioner's motion for a new trial are set out more explicitly in the motion and supporting memorandum, which are included in the Supplemental Answer, filed herewith, as Exhibits 8 and 9.

 11(a)(4). Admitted.

 11(a)(5-6). Admitted.

 11(b). Left blank by the petitioner.

 11(c). Admitted.

 11(d). Left blank by the petitioner.

 12. The respondent admits that the grounds set forth in paragraph 12 of the petition for a writ of habeas corpus are the grounds on which the petitioner seeks relief. The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 of the petition for a writ of habeas corpus does not state a claim upon which

relief may be granted.

13. Left blank by the petitioner.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

15. Admitted.

16. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. Jose Rodriguez*, Suffolk County Superior Court Criminal Action No. 1996-11119;

2. Brief and Record Appendix for the Defendant/Appellant, *Commonwealth v. Jose Rodriguez*, Massachusetts Appeals Court No. 1998-P-1091;

3. Supplemental Brief for the Defendant/Appellant, *Commonwealth v. Jose Rodriguez*, Massachusetts Appeals Court No. 1998-P-1091;

4. Brief for the Commonwealth, *Commonwealth v. Jose Rodriguez*, Massachusetts Appeals Court No. 1998-P-1091;

5. *Commonwealth v. Jose Rodriguez*, 48 Mass. App. Ct. 1050 (1999)(table);

6. Application for Further Appellate Review of the Defendant-Appellant, *Commonwealth v. Jose Rodriguez*, Supreme Judicial Court;

7. *Commonwealth v. Jose Rodriguez*, 430 Mass. 1114 (2000)(table);

8. Defendant's Motion for New Trial or for Relief Under Mass. R. Crim. P. 25 (b)(2);

9. Memorandum of Law in Support of Motion for New Trial or for Relief Under Mass. R. Crim. P. 25(b)(2);

10. Notation of Decision on Motion for New Trial or for Relief Under Mass. R. Crim. P. 25 (b)(2);

11. Appellant's Brief and Record Appendix;

12. Brief and Supplemental Appendix for the Commonwealth on Appeal from the Suffolk Superior Court;

13. *Commonwealth v. Rodriguez*, 61 Mass. App. Ct. 1102 (2004)(table);

14. Appellant's Application for Leave to Obtain Further Appellate Review; and

15. Notice of Denial of Further Appellate Review Application.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition fails to name the proper party respondent.

### Third Affirmative Defense

The petition contains claims which are barred by the doctrines of waiver and procedural default.

### Fourth Affirmative Defense

The decisions of the Massachusetts appellate courts should be upheld where they rest upon independent and adequate state law grounds for upholding the petitioner's conviction.

Respectfully submitted,

MCI NORFOLK,

By its attorney,

THOMAS F. REILLY,
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2857
BBO # 634923

Dated: May 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have this 31st day of May, 2005, served a true and accurate copy of the foregoing pleading on the petitioner, Jose Rodriguez, by depositing a copy in the office repository for collection and delivery by first class mail, postage prepaid, to the petitioner at the following address: Jose Rodriguez, Prisoner No. W63370, M.C.I. Norfolk, Post Office Box 43, Norfolk, Massachusetts, 02056.

Maura D. McLaughlin